UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA

| | | |
|---|---|---|
| Richard Lee Bryson, | ) | C/A No. 0:08-2466-HMH-BM |
| | ) | |
| Plaintiff, | ) | |
| | ) | REPORT AND |
| vs. | ) | RECOMMENDATION |
| | ) | |
| Derrick Bulsa, | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

The plaintiff, Richard Lee Bryson, proceeding *pro se*, brings this action pursuant to 42 U.S.C. § 1983.[1] Plaintiff is a detainee at the Spartanburg County Detention Center, and files this action *in forma pauperis* under 28 U.S.C. § 1915. The complaint names as the sole Defendant the solicitor who is apparently involved in prosecuting plaintiff's state court criminal proceedings. The complaint claims racial discrimination by the Defendant.

Under established local procedure in this judicial district, a careful review has been made of the *pro se* complaint pursuant to the procedural provisions of 28 U.S.C. § 1915; 28 U.S.C. § 1915A; the Prison Litigation Reform Act, Pub. L. No. 104-134, 110 Stat. 1321 (1996); and in light of the following precedents: *Denton v. Hernandez*, 504 U.S. 25 (1992); *Neitzke v. Williams*, 490 U.S. 319, 324-25 (1989); *Haines v. Kerner*, 404 U.S. 519 (1972); *Nasim v. Warden, Maryland House of Correction*, 64 F.3d 951 (4th Cir. 1995) (*en banc*), *cert. denied*, 516 U.S. 1177 (1996); *Todd v. Baskerville*, 712 F.2d 70 (4th Cir. 1983). As the Plaintiff is a *pro se* litigant, his pleadings are accorded liberal construction. *Hughes v. Rowe*, 449 U.S. 5 (1980); *Estelle v. Gamble*, 429 U.S. 97

---

[1] Pursuant to the provisions of 28 U.S.C. §636(b)(1)(B), and Local Rule 73.02(B)(2)(d), D.S.C., the undersigned is authorized to review such complaints for relief and submit findings and recommendations to the District Court.



(1976); *Haines v. Kerner*, 404 U.S. 519 (1972); *Loe v. Armistead*, 582 F. 2d 1291 (4th Cir. 1978); *Gordon v. Leeke*, 574 F. 2d 1147 (4th 1978). Even when considered under this less stringent standard, however, the undersigned concludes that this *pro se* Complaint is subject to summary dismissal, as the requirement of liberal construction does not mean that the court can ignore a clear failure in the pleading to allege facts which set forth a claim currently cognizable in a federal district court. *Weller v. Dep't of Social Services*, 901 F. 2d 387 (4th Cir. 1990).

**Background**

On the second page of the complaint form, the form asks what the issues are that Plaintiff is attempting to litigate, and Plaintiff responds with "racial discrimination." The statement of claim portion of the complaint then states verbatim:

> During the month of May 07, I was question in the presence of my lawyer Mrs. Pat Anderson and the Det. Mr. Tobay Bradley. And during this questioning, I was asked by the solicitor what color my girlfriend was. And when I told him that she was white, he told me that he did not want to talk to me no more. And told me to go back to the jail. And then when it was time for me to go to court. The solicitor let my co-defendant go who was under a $50,000 bond. . . . And my lawyer did not find out he was released until a week later, and the Det. did not know until two weeks later. And now they cannot find him no where.

Complaint at 3.

Plaintiff requests $350,000 and that the "court to relief the solitor Derrick Bulsa of his duties." Complaint at 5.

**Discussion**

The sole Defendant in this case is a state solicitor. However, as a criminal prosecutor, Defendant Bulsa has absolute immunity from suit under § 1983. In *Imbler v. Pachtman*, 424 U.S. 409, 430 (1976), the United States Supreme Court held that prosecutors, when acting within the scope of their duties, have absolute immunity from damages liability under § 1983 for



alleged civil rights violations committed in the course of proceedings that are "intimately associated with the judicial phase of the criminal process." Although some investigatory activities do not enjoy absolute immunity, but only qualified immunity, the decision whether or not to pursue prosecution falls squarely within the arena of absolute immunity. *Id* at 431. Here, the allegation that the solicitor "let my co-defendant go" while Plaintiff is still in jail, goes to the function of the solicitor in deciding whether to prosecute or not, and the Defendant has absolute immunity for such a decision.

Additionally, Plaintiff's claim of "racial discrimination" is too conclusory to state a claim for a violation of the Equal Protection clause. A conclusory statement of racial discrimination, based on the single action of terminating an interview, is not sufficient to state a claim against the Defendant for a violation of Plaintiff's constitutional rights. *Bell Atlantic Corp. v. Twombley*, _U.S._, 127 S.Ct. 1955, 1964-65 (2007) (in pleading "a plaintiff's obligation to provide the 'grounds' of his 'entitlement to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do.").

Under § 1915(e)(2)(B), a claim based on a meritless legal theory may be dismissed *sua sponte*. *Neitzke v. Williams*, 490 U.S. 319 (1989); *Allison v. Kyle*, 66 F.3d 71 (5th Cir. 1995). Therefore, because the Complaint fails to state a claim on which relief may be granted, and the sole Defendant is immune from suit, this action should be dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii), and (iii).

### Recommendation

Accordingly, it is recommended that the Court dismiss the complaint *without prejudice* and without issuance and service of process. *See* 28 U.S.C. § 1915(e)(2)(B)(case may be

3



dismissed any time complaint fails to state a claim or seeks monetary relief from immune defendant).

        The plaintiff's attention is directed to the notice on the following page.

                                                  Bristow Marchant

August 14, 2008                                          United States Magistrate Judge
Columbia, South Carolina



**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Court Judge. Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections. In the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must "only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005).

Specific written objections must be filed within ten (10) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). The time calculation of this ten-day period excludes weekends and holidays and provides for an additional three (3) days for filing by mail. Fed. R. Civ. P. 6(a) & (e). Filing by mail pursuant to Fed. R. Civ. P. 5 may be accomplished by mailing objections to:

Larry W. Propes, Clerk
United States District Court
901 Richland Street
Columbia, South Carolina 29201

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.** 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985).

